# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS VON MAGNUS, | No. 2:18-CV-0474-DMC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

      Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties (ECF Nos. 4 and 5), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are the parties' briefs on the merits (ECF Nos. 14 and 22).

      The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the matter will be remanded for further proceedings.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

Step 1    Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2    If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3    If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on May 19, 2014. See CAR 12.[1] In the application, plaintiff claims disability began on September 28, 2010. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on March 24, 2017, before Administrative Law Judge (ALJ) Curtis Renoe. In a June 27, 2017, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): anxiety disorder, substance addiction disorder, bipolar II disorder, learning disability, and post-traumatic stress disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform the full range of work at all exertional levels; he is capable of engaging in simple routine tasks and making simple work-related decisions; he can frequently interact with supervisors and occasionally interact with coworkers; he cannot interact with the public;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 15-22.

After the Appeals Council declined review on January 10, 2018, this appeal followed.

## III. DISCUSSION

In his opening brief, plaintiff argues: (1) the ALJ erred by assigning more weight to the opinions of the non-examining physician than those of his treating physician, Dr. Rogers; and (2) the ALJ erred by ignoring evidence and selectively relying on other evidence.

/ / /

/ / /

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on June 8, 2018 (ECF No. 9).

### A. <u>Evaluation of Medical Opinions</u>

"The ALJ must consider all medical opinion evidence." <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). The ALJ errs by not explicitly rejecting a medical opinion. <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ also errs by failing to set forth sufficient reasons for crediting one medical opinion over another. <u>See id.</u>

Under the regulations, only "licensed physicians and certain qualified specialists" are considered acceptable medical sources. 20 C.F.R. § 404.1513(a); <u>see also</u> <u>Molina v. Astrue</u>, 674 F.3d 1104, 1111 (9th Cir. 2012). Where the acceptable medical source opinion is based on an examination, the ". . . physician's opinion alone constitutes substantial evidence, because it rests on his own independent examination of the claimant." <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001). The opinions of non-examining professionals may also constitute substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. <u>See</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002). Social workers are not considered an acceptable medical source. <u>See</u> <u>Turner v. Comm'r of Soc. Sec. Admin.</u>, 613 F.3d 1217, 1223-24 (9th Cir. 2010). Nurse practitioners and physician assistants also are not acceptable medical sources. <u>See</u> <u>Dale v. Colvin</u>, 823 F.3d 941, 943 (9th Cir. 2016). Opinions from "other sources" such as nurse practitioners, physician assistants, and social workers may be discounted provided the ALJ provides reasons germane to each source for doing so. <u>See</u> <u>Popa v. Berryhill</u>, 872 F.3d 901, 906 (9th Cir. 2017), <u>but see</u> <u>Revels v. Berryhill</u>, 874 F.3d 648, 655 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(f)(1) and describing circumstance when opinions from "other sources" may be considered acceptable medical opinions).

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. <u>See</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. <u>See id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the

opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

At Step 4, the ALJ evaluated the credibility of plaintiff's statements and testimony, as well as a statement submitted by plaintiff's brother, in light of the objective medical evidence. See CAR 18-19. The ALJ concluded this evidence was not credible. See id. Because plaintiff does not assert any error with respect to the ALJ's credibility analysis, the court does not discuss it here and accepts the ALJ's conclusions.

In the context of evaluating the subjective statements, the ALJ considered the objective evidence. See CAR 18-19. First, the ALJ noted that plaintiff's "condition is generally well controlled when he is medication compliant. . . ." Id. at 18. Next, the ALJ stated:

> The claimant has had some serious mental health issues as well as a learning disability, but progress notes demonstrate claimants' [sic] condition is better when compliant with treatment and surely would be if off drugs. He has never been psychiatrically hospitalized and he has reported repeatedly that medication has helped to control his symptoms with no side effects (Exhibit B5F, pg. 2; Exhibit B7F, pg. 13; Exhibit B10F, pg. 3; Exhibit B11F, pg. 2).
>
> Mental status examinations in 2015, 2016, and 2017, have been generally within normal limits (Exhibit B8F, pg. 9; Exhibit B10F, pg. 3; Exhibit B11F, pg. 6; Exhibit B13F, pgs. 2, 4).

CAR 18-19.

The ALJ also observed plaintiff's "treatment has been conservatively limited to therapy and medication to control symptoms with to aggressive measures being required." Id. at 19. Additionally, the ALJ noted: "The claimant as well has never worked for any significant period, which raises some questions as to whether the current unemployment is truly the result of medical problems." Id.

The ALJ also evaluated the medical opinion evidence to determine plaintiff's residual functional capacity. See id. at 20-21. The ALJ relied on the opinions of non-examining medical professionals, Drs. Pong, Rudnick, Eskander, and Davis. See id. at 20. The ALJ stated:

> . . .[I]n terms of the opinion evidence, the residual functional capacity conclusions that support a finding of 'not disabled' reached by the State Agency medical consultants, D. Pong, M.D., B. Rudnick, M.D., C. Eskander, M.D., and Preston Davis, Psy.D., are supported by the above discussed progress notes in the record that show that the claimants' [sic] condition is generally well controlled.
>
> Although those consultants were non-examining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, those opinions do deserve significant weight. . . .

Id.

///
///
///

7

The ALJ rejected the opinion of plaintiff's treating physician, Dr. Rogers. See CAR 21. As to Dr. Rogers, the ALJ stated:

> Paul D. Rogers, M.D., completed a medical source statement on June 5, 2015 (Exhibit B9F). Dr. Rogers opined that claimant had marked limitations in activities of daily living, social functioning, and concentration, persistence, or pace. However, Dr. Roger's [sic] opinion is inconsistent with the above discussed progress notes, specifically findings that represented essentially normal mental status examinations and appropriate functioning and medication that control [sic] symptoms.

Id. at 21.

Plaintiff argues the ALJ erred with respect to Dr. Rogers because he did not articulate "clear and convincing" reasons for rejecting marked limitations opined by the doctor. Defendant appears to concede error, stating:

> While Plaintiff is correct that the ALJ did not articulate what weight he afforded to Dr. Rogers' opinion, the ALJ stated that he found the opinion inconsistent with the progress notes that included mostly normal mental status examinations, conservatively treated, and medication controlled his symptoms (AR 21).

According to defendant: "Plaintiff disagrees with the ALJ's reasoning. . . ." This statement goes to the crux of the problem that the court sees with this case, in that the ALJ did not provide any reasoning at all to support his analysis of Dr. Rogers' medical source statement. While the ALJ references progress notes he characterizes as "inconsistent," the ALJ does not identify any particular progress notes, the findings contained therein, or how such evidence is "inconsistent" with Dr. Rogers' opinion. The court finds the ALJ's conclusory analysis cannot support his conclusion. See Magallanes, 881 F.2d at 751-55; see also Lester, 81 F.3d at 830-31.

The matter will be remanded to allow the Commissioner to provide further analysis as to Dr. Roger's opinion that plaintiff is markedly limited in activities of daily living, social functioning, and concentration, persistence, or pace.

**B.     ALJ's Analysis of the Evidence**

Plaintiff accuses the ALJ of "cherry-picking" the mental health evidence. According to plaintiff, "the ALJ focused on the few appointments that showed minimal findings on mental exams and failed to mention that the majority of his treatment notes, which revealed significant findings on examinations." In light of the court's determination above that the ALJ

8

erred with respect to consideration of mental limitations opined by Dr. Rogers and the remand following therefrom, the court declines to address this contention because it will be moot in the context of further proceedings on remand.

### IV. CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted;
2. Defendant's motion for summary judgment (ECF No. 22) is denied;
3. The Commissioner's final decision is reversed and this matter is remanded for further proceedings consistent with this order; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated: June 11, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE